ON PETITION FOR WRIT OF MANDAMUS
PER CURIAM.

ORDER

Alphonso Scott petitions for a writ of mandamus to direct the United States Court of Appeals for Veterans Claims to reopen his case in Scott v. Principi, case no. 98-1073. Scott also moves for leave proceed in forma pauperis.
On June 1, 1998, the Board of Veterans’ Appeals denied Scott’s claims for service connection for an acquired psychiatric disorder and post-traumatic stress disorder. After various proceedings, the Court of Appeals for Veterans Claims entered final judgment on May 14, 2001, and issued its mandate on July 17, 2001. On November 20, 2008, Scott attempted to file a motion in his closed case. In correspondence dated February 9, 2009, the Court of Appeals for Veterans Claims returned Scott’s motion and informed him that his case was closed in July of 2001 and he no longer had an appeal before that court. Scott then filed this petition for a writ of mandamus.
The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable,” Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).
Based upon the papers submitted, Scott has not met his burden of showing entitlement to a writ. Specifically, Scott has not shown a clear abuse of discretion or usurpation of judicial power.
Accordingly,
IT IS ORDERED THAT:
(1) The petition is denied.
(2) Scott’s motion for leave to proceed in forma pauperis is denied as moot.